UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LUIS M. NARVAEZ,                              )<br>                                                           )<br>              Plaintiff,                      )<br>       vs.                                    )           No. 2:09-cv-350-WTL-TAB<br>                                                           )<br>COUNSELOR DAVID PARKER,            )<br>                                                           )<br>              Defendant.                    ) | |

# E N T R Y

### I.

The plaintiff's request to be supplied with a copy of the letter dated January 27, 2010, (dkt 20) is **granted.** The **clerk shall include a copy of the requested document** (dkt 16) with the plaintiff's copy of this Entry.

The clerk shall also include a copy of the docket sheet with the plaintiff's copy of this Entry.

### II.

### A.

In his letter filed with the clerk on January 29, 2010, the plaintiff, who is confined at a federal prison within this District, presents questions concerning certain docket entries, states that this is not an action brought pursuant to 42 U.S.C. § 1983, states that he is not suing the defendant in his official capacity, offers his own notion of how service of process should be accomplished, asks if process has been served, and asks if the action has been "properly characterized as a *Bivens* action."

### B.

The plaintiff can determine from the docket sheet the status of process being served on the defendant. As made clear in the Entry of November 16, 2009, serving process on the defendant required that the officials designated pursuant to *Fed. R. Civ. P.* 4(I)(2) be served with the summons and the complaint. The result of that effort corresponds to the docket entries at no. 11 and no. 12. As to the item at docket entry 8, that is the Entry of November 16, 2009.

      As to the plaintiff's remaining inquiries in his letter filed on February 29, 2010, it need only be observed that "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue." *778 v. United States,* 416 F.3d 551, 552 (7th Cir. 2005). It is not the court's duty or even within its prerogative to "recharacterize" a civil complaint.

      **IT IS SO ORDERED.**

Date: 04/13/2010

      *[signature: William T. Lawrence]*

      Hon. William T. Lawrence, Judge
      United States District Court
      Southern District of Indiana

Distribution:

Luis M. Narvaez
Reg. No. 05364-090
Terre Haute - FCI
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**